IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID COURTNEY ZELLER, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PWG-20-3485 |
| DR. ZHOU, ROXBURY CORRECTIONAL INSTITUTION, | * * | |
| Defendants | * ***  | |

## MEMORANDUM OPINION

David C. Zeller, an inmate at Western Correctional Institution has again filed suit against Yiya Zhou, DDS, complaining about his 2012 dental surgery at Roxbury Correctional Institution (RCI). *See Zeller v. Zhou*, PWG-18-2650 (D. Md. 2019) ("*Zeller* I").[1] Zeller has also filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), which I will grant for the purpose of preliminary screening of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). Under these provisions, this Court is required to conduct an initial screening of the Complaint and dismiss a claim that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721 (2020).

For reasons to follow, the Complaint provides no jurisdictional basis for this Court to hear the case, and the claims presented are repetitive, frivolous, and fail to state a claim upon which relief may be granted. Accordingly, this case will be dismissed pursuant to Fed. R. Civ. P. 12(h)(3)

---

[1] It is unclear why on the complaint form Zeller has checked the box that indicates he has not filed any federal cases dealing with these facts or against Dr. Zhou.

and 28 U.S.C. § 1915(e)(i) and (ii), and Zeller will be assigned a "strike" under 28 U.S.C. §1915(g).

## BACKGROUND

This is Zeller's second case against Dr. Zhou based on his surgery at RCI in 2012. In the first case, *Zeller v. Zhou*, PWG-18-2650 (D. Md. 2019) ("*Zeller* I"), Zeller alleged that "[s]tarting in April/May of 2012, [he] underwent unnecessary oral surgery procedures by DDS Dentist Doctor Zhou." *Id.,* ECF No. 1 at 4. Zeller asserted that "only later in Spring of 2016 by DDS Doctor Azizz Andrews [sic] examination was [he] told that Dr. Zhou had ruined [his] mouth through malpractice." *Id.* Zeller alleged that, as a result, he was unable to wear his bottom dentures. *Id*. at 4-5. He stated that several dentists tried but were unable to refit him for a bottom denture. The problem with Zeller's mouth was ultimately diagnosed and he was scheduled to receive dental implants. *Id*. at 5.

Dr. Zhou filed a Motion to Dismiss the Complaint for failure to file a certificate of qualified expert as required by the Maryland Health Care Malpractice Claims Act (HCMCA), Md. Code. Ann., Cts. & Jud. Proc. § 3-2a. *Zeller I*, ECF No. 21. Dr. Zhou also submitted a letter denying any fault in the treatment he provided to Zeller, explaining that, ordinarily, when decay has extended to the pulp or nerve, a dentist performs root canal therapy in hopes of saving the tooth. *See id*., ECF No. 19. Dr. Zhou explained this "is definitely not routine[] practice in the prison system because after root canal therapy the patient must get a crown to protect the tooth[,] and there is no way Mr. Zeller can obtain a crown while in prison." *Id*. Dr. Zhou wrote, "[t]o avoid abscess happening throughout the mouth the non-restorable teeth must be extracted." *Id*. The letter stated that before teeth are extracted, an inmate must sign a form consenting to the procedure. *Id*. Dr.

Zhou stated that when Zeller's denture was delivered to him near the end of 2012, Zeller indicated in writing that the denture fit and was comfortable. *Id.*

On June 24, 2019, I granted Dr. Zhou's Motion to Dismiss pursuant to Rule 12(b)(6) and (h)(3) of the Federal Rules of Civil Procedure, and dismissed the case without prejudice after determining Zeller neither alleged nor provided evidence that he had complied with the pre-filing conditions for filing a malpractice claim. *Zeller 1*, ECF No. 26. I further noted that even if I were to assume for the sake of argument that Zeller intended to raise an Eighth Amendment claim under 42 U.S.C. §1983 for deliberate indifference, his allegations were based on his disagreement with Dr. Zhou over the appropriate course of treatment. *Id.* Mere disagreement between the inmate and medical provider does not establish an Eighth Amendment violation absent exceptional circumstances. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that "malpractice does not become a constitutional violation merely because the victim is a prisoner"); *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985) ("Disagreements between an inmate and a physician over the inmate's proper medical care do not state a §1983 claim unless exceptional circumstances are alleged.").

## STATEMENT OF CLAIM

This Complaint contains the same allegations presented in *Zeller I*. Specifically, Zeller alleges that in April or May of 2012, Dr. Zhou performed oral surgery that cut open the lower right half of his gum to expose the bone, which was then "ground down" and stitched closed. ECF No. 1 at 3. Zeller asserts that his bottom dentures did not fit properly on his lower right bottom gum area following surgery, and efforts to fit new dentures were unsuccessful even though he tried "over and over" again. *Id.* at 5. In 2016, Dr. Aziz examined him at Jessup Correctional Institution (JCI). *Id.* According to Zeller, Dr. Aziz told him that he should never have let Dr. Zhou perform

3

the earlier procedure and arranged for corrective implants and modified bottom dentures for Zeller. *Id.* at 4.  Zeller states that he has had dental implant surgery and is waiting for his bottom dentures to be modified to attach to the implants.  *Id.* at 6. He notes this has been on hold due to COVID-19.  *Id.*  Zeller asserts he has been without dentures for almost ten years. *Id.* at 4.  Zeller requests $70,000 for each year he has been without his dentures or teeth. *Id.* at 3.   Notably, Zeller does not allege Dr. Zhou is responsible for the alleged delays in providing his implants or modified dentures.

## DISCUSSION

### I.     Jurisdiction

This court is one of limited jurisdiction, *Gunn v. Minton*, 586 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552, (2005). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen*, 511 U.S. at 377).  The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010).

In general, a federal district court may hear claims only that arise from a federal question, 28 U.S.C. § 1331, or are based on diversity of citizenship, 28 U.S.C. § 1332. Federal question jurisdiction exists for any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction exists where the parties are residents of different states and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. If at any time a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ.

P. 12(h)(3); *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506-07 (2006).

### A. Diversity of the Parties

In *Zeller I*, Zeller did not allege diversity of citizenship of the parties, and I determined that it was very likely that Zeller, who was convicted and is incarcerated in Maryland,[2] and Dr. Zhou, who maintained an office in and was served in Maryland, were citizens of Maryland, thereby defeating diversity. Here too, Zeller does not allege diversity jurisdiction or assert facts to suggest diversity of citizenship. Zeller remains incarcerated in Maryland at JCI, and, the Maryland State Board of Dental Examiners' website shows Dr. Zhou's address still is in Maryland. *See* https://mdbod.mylicense.com (visited February 22, 2021). Because diversity jurisdiction has not been established, any state law claim for medical malpractice or negligence must be dismissed.

Further, even if diversity jurisdiction were established, Zeller's medical malpractice claim fails to state a claim upon which relief may be granted for failure to comply with conditions precedent under Maryland law and for which his malpractice claim in *Zeller I* was dismissed; namely, a plaintiff in a medical malpractice action must file a Statement of Claim and a Certificate of Qualified Expert in the Health Claims Alternative Dispute Resolution Office ("HCADRO") of Maryland as a condition precedent to proceeding with the claim in court. *See Logue v. Patient First Corp.*, 246 F. Supp. 3d 1124, 1127 (D. Md. 2017). The certificate of a qualified expert must attest to the Defendant's departure from the applicable standard of care and that the departure proximately caused Plaintiff's injury. *See* Md. Code Ann., Cts. & Jud. Proc. § 3-2a-04(b)(1). A claimant also must exhaust a state arbitration remedy as a precondition to bringing a civil action

---

[2] On November 22, 2010, Zeller pleaded guilty in the Circuit Court for Washington County to robbery and sentenced to ten years of incarceration. *State v. Zeller*, Case 21-K-10-044233 (Cir. Ct. Wash. Cty.). *See* http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?caseId=21K10044233&loc=59&detailLoc=ODYCRIM (last viewed February 22, 2021).

on the claim in state or federal court. *See* § 3-2A-04; *Rowland v. Patterson*, 882 F.2d 97, 97 (4th Cir. 1989). Zeller presents no evidence that he complied with these conditions.

### B. Federal Question

As in *Zeller* I, the Complaint presents no federal question on its face. A "case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. at 257; *see also Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) (stating that a "suit arises under the law that creates the cause of action"). Zeller does not claim Dr. Zhou acted with deliberate indifference or that he received constitutionally inadequate dental care in violation of his rights under the Eighth Amendment. Accordingly, there is no basis for federal question jurisdiction.

### C. Claims Against Roxbury Correctional Institution

RCI is not an entity amenable to suit under 42 U.S.C. § 1983. RCI is a building, not a "person." Inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not "person[s]" subject to suit under § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Gottleib v. Baltimore City Detention Center., et al.*, Civil Action No. RDB-16-51, 2016 WL 6072348, n.1 (D. Md. Oct. 13, 2016) (noting that Baltimore City Detention Center is a building and not a person amenable to suit under § 1983). Accordingly, RCI will be dismissed as a defendant in this action.

### THREE STRIKES RULE

The claims presented are frivolous and/or fail to state a claim upon which relief may be granted, and Zeller will be assigned a strike under 28 U.S.C. §1915(g). Zeller is forewarned that his ability to pursue relief in federal court at public expense will be greatly curtailed if he has three

actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1), commonly called the "three strikes rule." As a prisoner, Zeller may not file a lawsuit or appeal if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless [he] is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax*, 140 S. Ct. at 1724; *see also* 28 U.S.C. § 1915(g).

## CONCLUSION

For the foregoing reasons, I will dismiss this case pursuant Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) assign a "strike" to Zeller under 28 U.S.C. §1915(g). A separate Order follows.

February 25, 2021  /S/
Date  Paul W. Grimm
United States District Judge